IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LATONYA DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | JURY TRIAL REQUESTED |
| ) | |
| **NATIONAL CREDIT** ) | |
| **SYSTEMS, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Latonya Davis, by and through undersigned counsel, and for her complaint against the Defendant, National Credit Systems, Inc., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

4. Latonya Davis ("Plaintiff") is a natural person who resides in Lawrence, KS .

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. National Credit Systems, Inc. ("NCS") is a business entity engaged in the collection of consumer debt within the State of Kansas.

7. NCS is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  ALLEGATIONS

8. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about June 10, 2021, Plaintiff retained counsel to assist in resolving a debt sought to be collected by NCS.

10. As a part of Plaintiff's representation, on or about July 22, 2021, Plaintiff's counsel sent a letter to NCS with notice that Plaintiff was represented by counsel.

11. On or about July 30, 2021, an employee of NCS received and signed for Plaintiff's counsel's notice of representation letter.

12. Notwithstanding Plaintiff's representation, on or about August 5, 2021, NCS contacted plaintiff directly by mail regarding the debt.

13. This direct communication violated the FDCPA, 15 U.S.C. § 1692c(a)(2), in that NCS contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V.  PRAYER FOR RELIEF

WHEREFORE Plaintiff Latonya Davis respectfully prays for judgment in her favor and against NCS as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from NCS and for Plaintiff;

    b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from NCS and for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from NCS and for Plaintiff;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**By: /s/ Andrew M. Esselman**
Andrew M. Esselman #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 140
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
andrewm@creditlawcenter.com
Counsel for Plaintiff